**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Randall Sorenson, | No. CV-21-08121-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Edward H Bastian, *et al.*, | |
| Defendants. | |

At issue is Defendants' Edward H. Bastian ("Mr. Bastian") and Delta Family Care Retirement Trust's ("Delta Trust") Motion to Dismiss (Doc. 17, Mot.), to which *pro se* Plaintiff Charles Sorenson ("Mr. Sorenson") filed a Response (Doc. 23, Resp.) and a Notice that a Motion to Dismiss is Not a Responsive Pleading (Doc. 21), and Defendants filed a Reply (Doc. 25, Reply). Also at issue is Plaintiff's Motion for Default Judgment (Doc. 22), to which Defendant filed a Response (Doc. 24). The Court also considers Plaintiff's Motion for Reconsideration regarding its Minute Order dated August 16, 2021 (Docs. 28, 20, respectively). The Court finds these matters suitable for resolution without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

In his First Amended Complaint (Doc. 16, FAC), Plaintiff explains that he is a retired pilot and is a beneficiary of the Delta Family Care Retirement Trust, which disperses retirement funds on a monthly basis. (FAC ¶ 18.) Plaintiff alleges that he is "not liable for income taxes in 2014, 2015, and 2016," but nonetheless provided the Internal Revenue

Service ("IRS") with a money order for its claims against Plaintiff. (FAC ¶ 32.) Plaintiff claims that he did not hear back from the IRS until November 2, 2017, when a non-party IRS Agent faxed a Notice of Levy to the Delta Trust. (FAC ¶¶ 32, 42.) After receiving the Notice, the Delta Trust began transferring a portion of Plaintiff's retirement funds to the IRS. (FAC ¶ 53.)

Plaintiff filed the present action on May 26, 2021.[1] (Doc. 1.) Plaintiff claims that the IRS is an unlawful and unconstitutional organization. (FAC ¶¶ 43, 44, 49.) He alleges that the Delta Trust and Mr. Bastian are not authorized to transfer his retirement funds to the IRS and have been doing so negligently and without legal obligation, right, or authority. (FAC ¶¶ 52, 53, 58, 59.) Plaintiff further asserts that Defendants' negligent conduct is prohibited under the Fourth and Fifth Amendments of the United States Constitution. (FAC ¶ 67.) He seeks to recover $144,317.25 in actual damages and $10,000,000 in exemplary and punitive damages. (FAC ¶¶ 72, 24.)

Defendants first brought a Motion to Dismiss on July 6, 2021 (Doc. 8), but Plaintiff filed an Amended Complaint (Docs. 12, 16). Defendants filed a Notice with the Court that their original Motion to Dismiss was moot (Doc. 13) and filed a second Motion to Dismiss (Mot.). In their second Motion, Defendants move to dismiss the Amended Complaint with prejudice pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), arguing that Defendants have an absolute defense to liability for complying with the IRS levy under 26 U.S.C. § 6332(a). (Mot. at 7, 10.)

In the meantime, Plaintiff has filed two Applications for Entry of Default, alleging that Defendants have failed to appear. (Docs. 19, 29.) The Court entered a Minute Order on August 16, 2021, following Plaintiff's first Application for Entry of Default, explaining that the Clerk would take no action because Defendants had filed a responsive pleading. (Doc. 20.) Plaintiff subsequently filed a Notice that a Motion to Dismiss is Not a

---

[1] Prior to filing this action, Mr. Sorenson filed a similar claim in the District of Minnesota, which was dismissed April 22, 2021. *See* No. 20-cv-02389-ECT-KMM, Doc. 35. In resolving the present Motions, the Court takes judicial notice of the records of the Minnesota court proceedings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Responsive Pleading and a Motion for Default Judgment. (Docs. 21, 23.) He also filed a Motion for Reconsideration, asking the Court to reconsider its Minute Order. (Doc. 28.) The Court now resolves each pending motion.

## II.     MOTION FOR RECONSIDERATION

### A.     Legal Standard

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc*., 215 F.R.D. 581, 586 (D. Ariz. 2003).

### B.     Analysis

Plaintiff moves for reconsideration pursuant to Local Rule of Civil Procedure 7.2(g). The crux of Plaintiff's argument is that a Motion to Dismiss is a "dilatory plea" and not a responsive pleading. (Doc. 28 ¶¶ 20-22.) Plaintiff claims that Defendants' Motion does not constitute an answer or an appearance, so Defendants have not complied with Federal Rule of Civil Procedure 15(a)(3). (Doc. 28 ¶ 28.) He alleges that because Defendants have failed to appear, the Court's Minute Order stating that the Clerk would take no action on his Application for Entry of Default represents a "manifest error." (Doc. 28 ¶¶ 1, 12; *see* Doc. 20 (Minute Order); *see also* Doc. 19 (Application for Entry of Default).) The Court finds Plaintiff's arguments meritless.

First, Plaintiff's Motion was untimely. Motions for Reconsideration filed pursuant to Rule 7.2(g) must be "filed no later than fourteen days after the date of the filing of the order that is the subject of the motion." LRCiv 7.2(g)(2). The Minute Order was entered on August 16, 2021, but Plaintiff did not file a Motion for Reconsideration until September 27, 2021. This alone is grounds for denial.

Second, even if Plaintiff's Motion were timely, it would still fail. Federal Rule of Civil Procedure 12(b) clearly provides for the filing of a motion to dismiss as a response to a complaint:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> …
> (6) failure to state a claim upon which relief can be granted; and
> …
> ***A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.*** If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b) (emphasis added). Additionally, in filing their Motion, Defendants complied with the proper procedural rules. When a pre-answer motion is filed under Rule 12, the defendant is not required to file an answer until the Court rules on the motion. Fed. R. Civ. P. 12(a)(4)(A)-(B).[2]

---

[2] The text of the Rule is clear:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
> (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

- 4 -

Further, courts in the Ninth Circuit agree that a Motion to Dismiss filed pursuant to Rule 12(b)(6) tolls the time for a defendant to serve an answer. *See Tenser v. Ryan*, No. CV19-05496 VBF (RAO), 2020 WL 4760192, at *4 (C.D. Cal. May 26, 2020); *see also Hunt v. San Diego Police Officer Spears*, Civil No. 07cv355-BEN (CAB), 2008 WL 1832210, at *1 (S.D. Cal. April 23, 2008) (rejecting Plaintiff's argument that defendants should be held in default, explaining an answer "would have been premature" because defendants' motion to dismiss was pending). Black's Law Dictionary defines "toll" as "to stop the running of; to abate." *Toll*, Black's Law Dictionary (11th ed. 2019). This means that when Defendants filed their Motion to Dismiss, the deadline to serve an answer was suspended. Thus, the Court's Minute Order was proper, not erroneous.

The Court also notes that Plaintiff pursued a strikingly similar procedural strategy in his prior litigation against Defendants in the District of Minnesota. *See* No. 20-cv-02389-ECT-KMM, Doc. 30. In that case, Plaintiff was informed by the Clerk of Court that his Application for Entry of Default was denied because Defendants filed a Motion to Dismiss, and therefore had not "failed to plead or otherwise defend as required by Rule 55(a)." No. 20-cv-02389-ECT-KMM, Doc. 27. Plaintiff's status as a *pro se* litigant does not excuse him from complying with either the Federal Rules of Civil Procedure or this Court's Local Rules. *See, e.g.*, *Faretta v. California*, 422 U.S. 806, 834 & n.46 (1975) (noting that self-representation is not "a license not to comply with relevant rules of procedural and substantive law"). Plaintiff has already been informed by another district court that an entry of default is improper when the defendant has filed a Motion to Dismiss. He nonetheless chose to file two separate Applications for Entry of Default and a Motion for Default Judgment in the present case. The fact that Plaintiff is *pro se* does not provide him with a license to abuse procedural rules.

Plaintiff's Motion for Reconsideration is denied.[3]

---

[3] For the same reasons the Court denies Plaintiff's Motion for Reconsideration, it is also proper that the Clerk has taken no action on Plaintiff's Second Application for Entry of Default. (Doc. 29.)

## III. MOTION FOR DEFAULT JUDGMENT

### A. Legal Standard

After the Clerk of Court enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). However, there can be no basis for granting a default judgment until default is entered. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1997); *see also Tropicana Entm't Inc. v. N3A Mfg., Inc.*, 2018 WL 2088871, *1 (D. Nev. 2018) ("[E]ntry of default by the clerk is a requisite to an entry of default judgment. . .").

### B. Analysis

Plaintiff's arguments for default judgment are largely the same as those he set out in his Motion for Reconsideration. (*See, e.g.*, Doc. 22 ¶¶ 6-10, 14-23.) As the Court determined *supra*, these arguments are meritless. Even if Plaintiff's arguments had merit, the Court cannot grant a default judgment where no default has been entered. *See Geddes*, 559 F.2d at 560. Plaintiff's Motion for Default Judgment is denied.

## IV. MOTION TO DISMISS

### A. Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

When analyzing a complaint under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith*

*v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). Where a court takes judicial notice of a different court's order, it does not take all of the facts within that order as true. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (stating that not all facts within a judicially noticeable document are judicially noticeable for their truth); *Lee*, 250 F.3d at 690 (clarifying that a court should not take judicial notice of another court's opinion "for the truth of the facts recited therein, but for the existence of the opinion").

  **B.**  **Analysis**

  Defendants argue that Plaintiff's Complaint does not state a plausible claim for relief. Defendants observe that much of Plaintiff's Complaint is "his opinions and conclusions" about the IRS, and unrelated to Defendants' conduct. (Mot. at 5; *see also* FAC.) Defendants claim that they cannot be liable for complying with the IRS levy because 26 U.S.C.S. § 6332 provides them with an absolute defense to liability for complying with the levy. To advance their argument, Defendants point out that the Ninth Circuit has held that Section 6332 "imposes a duty on third parties to honor the Internal Revenue Service's notice of levy," and also "provides the third party an absolute defense against any subsequent claim by a "delinquent taxpayer or any other person." *United States v. Hemmen*, 51 F.3d 883, 887 (9th Cir. 1995). Further, in the District of Minnesota Order denying Plaintiff's Motion to Alter/Amend/Supplement Pleadings, Judge Tostrud explained:

> [A] person who turns over a taxpayer's property in response to a notice of levy is "discharged from any obligation or liability to the delinquent taxpayer . . . with respect to such property[.]" 26 U.S.C. 6332(e); *see State Farm Life Ins. Co. v. Howell*, 76 F.3d 216, 217 (8th Cir. 1996).

No. 20-cv-02389-ECT-KMM, Doc. 39. Finally, Defendants note that the failure to comply with an IRS levy could also subject them to personal liability under Section 6332(d)(1). (Mot. at 7.)

In his Response, Plaintiff asserts that Defendants were negligent because they failed to exercise "necessary diligence in determining the validity of that IRS Notice of Levy." (Resp. at 7.) He alleges that this constitutes a breach of Plaintiff's retirement agreement and "legal and fiduciary duties owed Plaintiff, which a person of ordinary prudence would have done." (Resp. at 7.) Plaintiff furthers his argument that the IRS levy is invalid by asserting that Section 6332 is not good law, his property is not subject to levy, and in Arizona, only a "federal territorial government agency outside the 50 Union states" is legally bound to honor an IRS levy. (Resp. at 12-17.) Plaintiff also claims that 18 U.S.C. § 664 imposed a duty upon Defendants to protect Plaintiff's retirement funds, which they neglected. (Resp. at 15.) Finally, Plaintiff asserts that Defendants failed to comply with the Fourth and Fifth Amendments to the United States Constitution in transferring Plaintiff's retirement funds to the IRS. (Resp. at 18.)

The Court agrees with Defendants—Plaintiff's arguments ultimately fail. Plaintiff's Complaint and Response repeatedly state that Title 26 of the U.S. Code was never enacted, and therefore Section 6332 is not good law. (*See generally* FAC; Resp.) This is simply false. In 1966, Congress approved an Act amending the Internal Revenue Code of 1954 "with respect to the priority of Federal tax liens and levies." *See* Pub. L., Title I, § 104(b), 89-719, 80 Stat. 1135. Congress most recently updated this portion of the Internal Revenue Code in 1990, and it remains current today. *See* Pub. L. 101-508, Title XI, § 11704(a)(27), 104 Stat. 1388-519. It is also false that Defendants were not bound to honor an IRS levy in Arizona. In *Scully v. Fireman's Variable Pension Fund*, a case with remarkably similar

facts, this court found a pension fund was immune from liability for honoring an IRS Notice of Levy under Section 6332(e). No. CIV 98-0121 PHX EHC, 1998 WL 998967, at *1-2 (D. Ariz. Dec. 19, 1998).

There is also no question that Defendants have an absolute defense under Section 6332. When a taxpayer fails to pay federal income tax, the IRS may recover funds through an administrative levy on property in the possession of a third party by serving a notice of levy on the third party and sending a copy to the taxpayer. *Stead v. U.S.*, 419 F.3d 944, 946 (9th Cir. 2005) (citing *U.S. v. Nat'l. Bank of Commerce*, 472 U.S. 713, 720 (1985)). It is well-established that under Section 6332 compliance with an IRS Notice of Levy immunizes a defendant from suit. In *Saepoff v. Riehle*, the Ninth Circuit determined that the district court properly dismissed a *pro se* plaintiff's claims challenging the private defendants' compliance with IRS notices of levy because the "notices immunized those defendants from suit." 727 F. App'x 445, 446 Mem. Op. (9th Cir. 2018); *see also Fealy v. Wells Fargo Bank, NA*, 671 F. App'x 420 Mem. Op. (9th Cir. 2016).

Plaintiff's argument that 18 U.S.C. § 664 requires defendants to exercise added diligence when complying with an IRS Levy is also baseless. As Defendants correctly point out, the purpose of Section 664 is to criminalize theft from an employee welfare or employee pension plan. (*See* Reply at 6 (citing 18 U.S.C. § 664).) Plaintiff cites no relevant case law to suggest that Section 664 imposes a duty to exercise added diligence when complying with an IRS levy, nor could the Court find any precedent suggesting as much in its own research.

Plaintiff's arguments implicating the Fourth and Fifth Amendments fail as well. "[W]here the government seizes property to collect delinquent taxes, the seizure, if it involves no invasion of the taxpayer's premises, does not violate the Fourth Amendment." *United States v. Bigley*, No. 2:14-cv-0729-HRH, 2019 WL 3944614, at *3 (D. Ariz. Aug. 21, 2019) (quoting *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982)). Here, there has been no invasion of Plaintiff's premises, so it follows that the Fourth Amendment has not been violated. There is also clear precedent that the "IRS's lawful

collection of taxes does not violate a person's Fifth Amendment right to due process." *Bigley*, 2019 WL 3944614, at *3 (quoting *Del Elmer v. Metzger*, 967 F. Supp. 398, 404 (S.D. Cal. 1997)). In fact, "[d]ue process challenges to tax levies have been specifically rejected by the Supreme Court." *Del Elmer*, 967 F. Supp. at 404 (citing *Fuentes v. Shevin*, 407 U.S. 67, 90–92 (1972); *Phillips v. Commissioner*, 283 U.S. 589, 595–97 (1931)).

Plaintiff's Complaint fundamentally lacks a cognizable legal theory. The factual allegations he asks the Court to take as true are not factual allegations, but rather unsupportable interpretations of the law. (*See* Resp. at 14-15.) Thus, the Court will dismiss this action for Plaintiff's failure to state a claim. Because the Court finds the defects in Plaintiffs' claims cannot be cured by amendment, the Court will dismiss the claims with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). No additional facts could reverse Defendants' statutory immunity from liability for complying with the IRS levy. *Fry v. Northwestern Mut. Life Ins. Co.*, No. CV-10-08093-PCT-JAT, 2010 WL 4581572, at *4 (D. Ariz. Nov. 5, 2010).

## V.     DEFENDANTS' REQUEST FOR PRE-FILING INJUNCTION

### A.     Legal Standard

Access to the courts is considered "one of the most precious of the liberties safeguarded by the Bill of Rights." *BE & K Const. Co. v. NLRB*, 536 U.S. 516, 524–25 (2002). For this reason, Ninth Circuit has held that "pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014). When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir.1990).

### B. Analysis

Defendants seek a pre-filing injunction to prevent Plaintiff from suing them in other states. (Mot. at 11.) They contend that Plaintiff will "continue to pursue his meritless claim if allowed to do so." (Mot. at 11.) However, Plaintiff states that he "has no intention of filing additional complaints against Defendants around the nation," so a pre-filing injunction is unnecessary. (Resp. at 6.)

In *Ringgold-Lockhart*, the Ninth Circuit declined to decide whether a litigant's motion practice in two cases "could ever be so vexatious as to justify" a pre-filing injunction, but noted that "[s]uch a situation would at least be extremely unusual, in light of the alternative remedies available to district judges to control a litigant's behavior in individual cases." 761 F.3d at 1062. In that case, the plaintiff filed numerous motions to vacate and reiterated "old facts and arguments." *Id.* at 1065. If a pre-filing injunction was improper there, it is improper here, where Plaintiff has brought suit in only two district courts and indicated he has no intent to continue filing lawsuits "around the nation." (Resp. at 6.) Further, Plaintiff has explained that at the time of his lawsuit in the District of Minnesota, he was unaware that he could not file a civil suit against Defendants for its alleged violations of criminal statutes. (Resp. at 6.)

On these facts, the Court declines to issue a pre-filing injunction.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 28).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Default Judgment (Doc. 22).

**IT IS FURTHER ORDERED** denying as moot Defendants' Motion to Dismiss dated July 6, 2021 (Doc. 8).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss dated August 11, 2021 (Doc. 17) and dismissing Plaintiff's claim with prejudice.

**IT IS FURTHER ORDERED** denying Defendants' request for a pre-filing injunction (Doc. 17).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment for Defendants and close this case.

Dated this 22nd day of February, 2022.

Honorable John J. Tuchi
United States District Judge